1  **CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
   Todd D. Carpenter (CA 234464)
2  402 West Broadway, 29th Floor
   San Diego, California 92101
3  Telephone: 619.756.6994
   Facsimile: 619.756.6991
4  tcarpenter@carlsonlynch.com

5  Edwin J. Kilpela
   Gary F. Lynch
6  1133 Penn Avenue, 5th Floor
   Pittsburgh, Pennsylvania 15222
7  Telephone: (412) 322-9243
   Facsimile: (412) 231-0246
8  ekilpela@carlsonlynch.com
   glynch@carlsonlynch.com
9

10 *Attorneys for Plaintiff and
   Proposed Class Counsel*
11

12              **IN THE UNITED STATES DISTRICT COURT**

13              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| MONICA RAEL, on behalf of herself and all others similarly situated, | Case No. **'16CV0371 JM   DHB** |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT** |
| DOONEY & BOURKE, INC., a CONNECTICUT corporation, and DOES 1- 50, inclusive, | 1. **Violation of California's Unfair Competition Laws ("UCL"); California Business & Professions Code Sections 17200,** *et seq.* |
| Defendant. | 2. **Violation of California's False Advertising Laws ("FAL"); California Business & Professions Code Sections 17500,** *et seq.* |
| | 3. **Violations of California Consumer Legal Remedies Act ("CLRA"); Civ. Code § 1750,** *et seq.* |
| | **[DEMAND FOR JURY TRIAL]** |

COMPLAINT

Plaintiff MONICA RAEL brings this action on behalf of herself and all others similarly situated against Defendant DOONEY & BOURKE, INC. ("Defendant"), and states:

## I. NATURE OF ACTION

1. This is a class action regarding Defendant's false and misleading advertisement of "market" prices, and corresponding phantom "savings" on bags and fashion accessories sold in its retail "Outlet" or "Factory" stores. During the Class Period (defined below), Defendant advertised false price discounts for merchandise sold throughout its retail factory stores.

2. During the Class Period, Defendant continually mislead consumers by advertising bags and fashion accessories at discounted, "savings" prices. Defendant would compare the "sale" prices to false "market" prices, which were misrepresented as the "market" retail prices from which the "savings" was discounted. The advertised discounts were nothing more than mere phantom markdowns because the represented market prices were artificially inflated and were never the original prices for bags and fashion accessories sold at Defendant's retail factory stores. In addition, the represented "market" prices were not the prevailing marketing retail prices within three months next immediately preceding the publication of the advertised former prices, as required by California law.

3. Defendant conveys its deceptive pricing scheme to consumers through promotional materials, in-store displays, and print advertisements. For example, in Defendant's factory stores, the pricing scheme is prominently displayed, advertising deep discounts on various items throughout the store.

4. The "market price" never existed and/or did not constitute the prevailing market retail prices for such products within the three months next immediately preceding the publication of the sales tag. Defendant sells its own, exclusive, branded products. There is no other "market price" for the products being sold other than the price set at Defendant's retail factory stores. The difference between the "sale" and "regular" prices

is a false savings percentage used to lure consumers into purchasing products they believe are significantly discounted.

5. Through its false and misleading marketing, advertising and pricing scheme, Defendant violated, and continues to violate California law prohibiting advertising goods for sale as discounted from former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions. Specifically, Defendant violated, and continues to violate, California's Business & Professions Code §§ 17200, *et seq* (the "UCL"), California's Business & Professions Code §§ 17500, *et seq* (the "FAL"), the California Consumers' Legal Remedies Act, California Civil Code §§ 1750, *et seq* (the "CLRA"), and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements. 15 U.S.C. § 52(a).

6. Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased one or more bags and fashion accessories at Defendant's retail factory stores that were deceptively represented as discounted from false former prices in order to halt the dissemination of this false, misleading, and deceptive price scheme, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased this product. Plaintiff seeks restitution and other equitable remedies, including an injunction under the UCL and FAL; and restitution, damages and an injunction under the CLRA.

## II. JURISDICTION AND VENUE

7. This Court has original jurisdiction of this Action pursuant to the Class Action Fairness Act, 28 U.S.C §1332 (d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Class have a different citizenship from Defendant.

8. The Southern District of California has personal jurisdiction over the Defendant named in this action because Defendant is a corporation or other business that conducts business in the State of California. Defendant has sufficient minimum contacts

in California, and/or otherwise intentionally avails itself of the California market through the ownership and operation of numerous retail stores within the State of California.

9.  Venue is proper under 28 U.S.C. § 1391(b) because Defendant transacts substantial business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims arose here.

### III.  PARTIES

#### Plaintiff

10.  MONICA RAEL resides in San Diego, California. Plaintiff, in reliance on Defendant's false and deceptive advertising, marketing and "discount" pricing schemes, purchased a San Diego Padres team logo handbag for herself for approximately $147.74 on or around December 2, 2015 at a Dooney & Bourke retail factory store, located in Carlsbad, California. The handbag was advertised as having an original price of approximately "$273.00". That price was discounted and represented to Plaintiff as: "50% off" according to the price tag and related signage. However, this product was never offered for sale at approximately $273.00 at Defendant's retail store, nor was it offered at that price within the 90 day time period immediately preceding Plaintiff's purchase. Therefore, Ms. Rael was damaged by her purchase of the product.

#### Defendant

11.  Plaintiff is informed and believes, and upon such information and belief alleges, Defendant Dooney & Bourke, Inc. is a Connecticut Corporation with its principal executive offices in Norwalk, Connecticut. Defendant operates Dooney & Bourke factory stores as well as the dooney.com website, and advertises, markets, distributes, and/or sells bags and fashion accessories in California and throughout the United States.

12.  Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-50, inclusive, and therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members as alleged herein.  Plaintiff will

amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## IV.   FACTUAL BACKGROUND

13.   On or around December 2, 2015, Plaintiff went shopping at an outlet mall to purchase clothing and related fashion accessories for herself and her family. Upon examining a women's handbag at a Dooney & Bourke factory store, she observed that it was advertised at 50% off. Plaintiff observed signage within the store and the price tag on the handbag which represented that the handbag was approximately "50% off". Believing that she was receiving a significant value by purchasing the handbag for $136.80 that was originally priced at approximately $273.00, she decided to purchase the handbag and proceeded to the cash register where she did in fact purchase the handbag.

14.   Specifically, relying upon Defendant's misrepresentations and false and deceptive advertising, Plaintiff purchased the handbag for $147.74. The price tag indicated the "Original" or "Market" price of the handbag was approximately "$273.00" and that it was being offered at a discount, described as approximately "50% off." These purported "market" prices and corresponding price "discounts" and savings were false and misleading, as the prevailing retail price for the handbag during the three months immediately prior to Plaintiff's purchase was not the $273.00 "market" price advertised by Defendant.

15.   Plaintiff would not have purchased the handbag without the misrepresentations made by Defendant.  As a result, Plaintiff has been personally victimized by and suffered economic injury as a direct result of Defendant's unlawful, unfair and fraudulent conduct.

16.   Defendant knows that its comparative price advertising is false, deceptive, misleading and unlawful under California law.

17.   Defendant fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the proposed class the truth about its advertised price and

former prices.

18. At all relevant times, Defendant has been under a duty to Plaintiff and the proposed class to disclose the truth about its false discounts.

19. Plaintiff relied upon Defendant's artificially inflated "market" price and false discounts when purchasing her handbag at Defendant's retail store. Plaintiff would not have made such purchases but for Defendant's representations of fabricated original "market" prices and false discounts.

20. Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price differences that Defendant advertised, and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was. Plaintiff, like other class members, was lured in, relied on, and damaged by these pricing schemes that Defendant carried out.

21. Defendant intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising in order to provoke Plaintiff and the proposed class to purchase Dooney & Bourke branded products in its retail factory store and/or on its Internet website.

## V.    CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant for violations of California state laws:

All persons who, within the applicable statute of limitations preceding the filing of this action, purchased one or more items offered at a purported discount from an "original" or "regular" or "manufacturer's suggested" retail price at one of Defendant's retail outlet stores.

Excluded from the Class are Defendant, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of Defendant. Plaintiff reserves the right to expand,

limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

23. ***Numerosity***: The class members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the proposed Class contains hundreds of thousands of individuals who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

24. ***Existence and Predominance of Common Questions of Law and Fact***: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

   **a.** Whether, during the Class Period, Defendant used false "market" or "original" price labels and falsely advertised price discounts on its Dooney & Bourke branded products it sold in its retail factory stores;

   **b.** Whether, during the Class Period, the "original" or "market" prices advertised by Defendant were the prevailing market prices for the respective Dooney & Bourke branded products during the three months period preceding the dissemination and/or publication of the advertised former prices;

   **c.** Whether Defendant's alleged conduct constitutes violations of the laws asserted;

   **d.** Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices under the laws asserted;

   **e.** Whether Defendant engaged in false or misleading advertising;

   **f.** Whether Plaintiff and Class members are entitled to damages and/or restitution and the proper measure of that loss; and

   **g.** Whether an injunction is necessary to prevent Defendant from

continuing to use false, misleading or illegal price comparison.

26. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members have been deceived (or were likely to be deceived) by Defendant's false and deceptive price advertising scheme, as alleged herein. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the class.

26. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no antagonistic or adverse interest to those of the Class.

27. **Superiority**: The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to her and the class for the wrongs alleged. The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent the class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendant will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

28. All Class members, including Plaintiff, were exposed to one or more of Defendant's misrepresentations or omissions of material fact claiming that former "original" advertised prices were in existence. Due to the scope and extent of Defendant's consistent false "discount" price advertising scheme, disseminated in a years-long campaign to California consumers via a number of different platforms – in-store displays, print advertisements, etc. – it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class. In addition,

it can be reasonably presumed that all Class members, including, Plaintiff affirmatively acted in response to the representations contained in Defendant's false advertising scheme when purchasing Dooney & Bourke branded merchandise at Defendant's retail factory stores.

29. Defendant keeps extensive computerized records of its customers through, *inter alia*, customer loyalty programs, co-branded credit cards and general marketing programs.  Defendant has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

## VI.   CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Violation Unfair Competition Law**
**Business and Professions Code § 17200 et seq.**

30. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

31. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. Prof. Code § 17200.

32. The UCL imposes strict liability.  Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

33. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

34. Defendant's actions constitute "unfair" business acts or practices because, as alleged above, Defendant engaged in misleading and deceptive price comparison

advertising that represented false "regular" prices and "discount" prices that were nothing more than fabricated "regular" prices leading to phantom markdowns. Defendant's acts and practices offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

35. The harm to Plaintiff and Class members outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

36. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

37. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

38. Defendant's acts and practices alleged above have deceived Plaintiff and are highly likely to deceive members of the consuming public. Plaintiff relied on Defendant's fraudulent and deceptive representations regarding its "market" prices, the corresponding discounts for the Dooney & Bourke branded products which Defendant sells at its retail factory stores and on its website. These misrepresentations played a substantial role in Plaintiff's decision and that of the proposed class to purchase the products at steep discounts, and Plaintiff would not have purchased her handbag without Defendant's misrepresentations.

39. The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and prohibits the dissemination of any false advertisements. 15 U.S.C. § 52(a). Under the FTC false former pricing schemes, similar to the ones implemented by Defendant, are described as deceptive practices that would violate the FTCA:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the

public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an article price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

40. California law also expressly prohibits false former pricing schemes. Cal. Bus. & Prof. Code §17501, entitled "*Value determinations; Former price advertisement,*" States:

For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

**No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement** or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [Emphasis added.]

41. As detailed in Plaintiff's Third Cause of Action below, Cal. Civ. Code § 1770(a)(9), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

42. Defendant's practices, as set forth above, have mislead Plaintiff, the proposed class, and the general public in the past and will continue to misled in the future. Consequently, Defendant's practices constitute an unlawful an unfair business practice within the meaning of the UCL.

43. Defendant's violation of the UCL through its unlawful, unfair and fraudulent business practices are ongoing and present a continuing threat that members of the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "regular" prices to "sale" prices that created merely phantom markdowns and lead to financial damage for consumers, like Plaintiff and the proposed Class

44. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all of Defendant's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

**SECOND CAUSE OF ACTION**
**Violation of the California False Advertising Law,**
**California Business & Professions Code § 17500,** *et seq.*

45. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

46. Cal. Bus. & Prof. Code § 17500 provides that "[i]t is unlawful for any…corporation…with intent…to dispose of…personal property…to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other

manner or means whatever, including over the Internet, any statement…which is <u>untrue</u> or <u>misleading</u>, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…" [Emphasis added].

47. The "intent" required by Cal. Bus. & Prof. Code § 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

48. Similarly, this section provides, "no price shall be advertised as a former price of any advertised thing, unless the alleged former prices was the prevailing market price…within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal Bus. & Prof. Code § 17501.

49. Defendant's routine of advertising discounted prices from false "market" prices associated with its Dooney & Bourke branded factory store products which were never the true prevailing "market" prices of those products and were materially greater than the true prevailing prices was an unfair, untrue and misleading practice. This deceptive marketing practice gave consumers the false impression that the products were regularly sold on the market for a substantially higher price than they actually were. Therefore, leading to the false impression that the Dooney & Bourke branded products were worth more than they actually were.

50. Defendant misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code, as alleged above.

51. As a direct and proximate result of Defendant's misleading and false advertisements Plaintiff and Class members have suffered injury in fact and have lost money. As such, Plaintiff requests that this Court order Defendant to restore this money to Plaintiff and all Class members, and to enjoin Defendant from continuing these unfair practices in violation of the California law in the future. Otherwise, Plaintiff, Class members and the broader general public will be irreparably harmed and/or denied an effective and complete remedy.

## THIRD CAUSE OF ACTION
### Violation of the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq*.

52. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

53. This cause of action is brought pursuant to the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, et seq. and similar laws in other states. Plaintiff and each member of the proposed class are "consumers" as defined by California Civil Code § 1761(d). Defendant's sale of the Dooney & Bourke branded products at its factory outlet store and online to Plaintiff and the Class were "transactions" within the meaning of California Civil Code § 1761(e). The products purchased by Plaintiff and the Class are "goods" within the meaning of California Civil Code § 1761(a).

54. Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Dooney & Bourke branded products:

    **a.** Advertising goods or services with intent not to sell them as advertised;

    **b.** Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

55. Pursuant to § 1782(a) of the CLRA, on February 11, 2016, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by § 1782, Plaintiff will move to amend her Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against

Defendant. As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

## VII. PRAYER FOR RELIEF

56. Wherefore, Plaintiff, on behalf of herself and on behalf of the other members of the Class, requests that this Court award relief against Defendant as follows:

    **a.** An order certifying the class and designating MONICA RAEL as the Class Representative and her counsel as Class Counsel;

    **b.** Awarding Plaintiff and the proposed Class members damages;

    **c.** Awarding restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of its unlawful, unfair and fraudulent business practices described herein;

    **d.** Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervisions, victims of its misconduct and pay them all money they are required to pay;

    **e.** Order Defendant to engage in a corrective advertising campaign;

    **f.** Awarding attorneys' fees and costs; and

    **g.** For such other and further relief as the Court may deem necessary or appropriate.

## VIII. DEMAND FOR JURY TRIAL

57. Plaintiff hereby demands a jury trial for all of the claims so triable.

Dated: February 11, 2016

**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**

*/s/ Todd D. Carpenter*
Todd D. Carpenter (CA 234464)
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 347-3517
Facsimile: (619) 756-6990
tcarpenter@carlsonlynch.com


Edwin J. Kilpela
Gary F. Lynch
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
ekilpela@carlsonlynch.com
glynch@carlsonlynch.com

*Attorneys for Plaintiff*

15
COMPLAINT