UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA RAEL, on behalf of herself and all others similarly situated,<br><br>                                      Plaintiff,<br><br>v.<br><br>DOONEY & BOURKE, INC., a Connecticut corporation, and DOES1-50, inclusive,<br><br>                                      Defendant. | Case No.:  16cv0371 JM(DHB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

This order addresses Defendant Dooney & Bourke, Inc.'s ("D&B") motion to dismiss Plaintiff's first amended class action complaint, filed on June 10, 2016. (Doc. No. 17). Plaintiff opposed the motion on July 5, 2016. (Doc. No. 23). Defendant replied on July 11, 2016. (Doc. No. 26). The court held oral argument on July 18, 2016. For the reasons set forth below, the court grants Defendant's motion to dismiss with leave to amend.

///

///

///

1

# BACKGROUND

This case concerns allegations that Defendant D&B is engaged in false discount pricing by offering outlet store merchandise at purported discounts from fabricated "original" prices.  Plaintiff Monica Rael ("Rael"), on behalf of herself and others similarly situated, asserts causes of action for (1) violations of California's Unfair Competition Laws ("UCL"), California Business & Professions Code § 17200 et seq.; (2) violation of California's False Advertising Laws ("FAL"), California Business & Professions Code § 17500, et seq.; (3) violation of California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq.; (4) violation of the consumer protection laws on behalf of classes of states with similar laws; and (5) negligent misrepresentation.

Plaintiff alleges as follows: during the class period,[1] Defendant continually misled consumers by advertising bags and fashion accessories at discounted, "savings" prices. (Doc. No. 9, ¶ 2).  Defendant would compare the "sale" prices to false "original" or "market" prices, which were misrepresented as the "original" or "market" retail prices from which the "savings" were discounted.  (Id.).  The advertised discounts were nothing more than mere phantom markdowns because the represented market prices were artificially inflated and were never the original prices for bags and fashion accessories sold at Defendant's retail factory outlet stores.  (Id.).

Defendant conveys its deceptive pricing scheme to consumers through promotional materials, in-store displays, and print advertisements.  (Id. ¶ 6).  Defendant states on its sales receipt, provided to customers only after they have engaged in a purchase, the following: "All items sold in this store are over-runs, discounted, or irregular.  As a result, the prices are reduced."  (Id. ¶ 3).  The "market" or "original" prices were never offered for sale in the outlet stores, for outlet quality products, and were not the

---

[1] Plaintiff defines the class period as any time between the onset of the applicable statute of limitations to the date of class certification.  (Doc. No. 9, ¶ 26).

prevailing marketing retail prices at the outlet stores within the three months immediately preceding the publication of the advertised former prices, as required by California law. (Id. ¶ 4). Defendant did not inform Plaintiff or members of the proposed class that the products sold at its outlet stores were of lesser quality or value than merchandise Defendant sells through other channels and retailers. (Id. ¶ 5).

On or around December 2, 2015, Plaintiff saw a handbag at a D&B factory store, which was advertised at "40% off." (Id. ¶ 16). Believing she was receiving a significant value by purchasing the handbag for $136.80 that was originally priced at approximately $228.00, she decided to buy it. The "original" or "market" price of the handbag and the corresponding price "discounts" were false and misleading, as the prevailing retail price for the handbag in D&B retail outlet stores during the three months immediately prior to Plaintiff's purchase was not $228.00. (Id. ¶ 17). Plaintiff would not have purchased the handbag without the misrepresentations made by Defendant. (Id. ¶ 18).

Plaintiff alleges that this court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), as she is a California resident, D&B is a Connecticut corporation headquartered in Connecticut, and the amount in controversy exceeds $5,000,000. (Id. ¶¶ 10, 13–14). Plaintiff seeks damages, restitution and disgorgement of all profits, unjust enrichment, declaratory and injunctive relief, an order requiring Defendant to engage in a corrective advertising campaign, and attorneys' fees and costs. (Id. ¶ 82).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the pleadings. To overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facts merely consistent with a defendant's

liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible. See id. at 678–79. The court should grant relief under Rule 12(b)(6) if the complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The heightened pleading standard of Rule 9(b) applies to Plaintiffs' claims. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s particularity requirement applies to these state-law causes of action [*i.e.*, CLRA and UCL claims]."). Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); see Nursing Home Pension Fund, Local 144 v. Oracle Corp., 380 F.3d 1226, 1230 (9th Cir. 2004). "It is not enough . . . to simply claim that [an advertisement] is false—[the plaintiff] must allege facts showing *why* it is false." Davidson v. Kimberly- Clark Corp., 76 F. Supp. 3d 964, 974 (N.D. Cal. 2014) (emphasis in original).

When ruling on a motion to dismiss, the court must take all allegations as true and construe them in the light most favorable to the plaintiff. See Metlzer Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008). "Review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." Id.

Federal Rule of Civil Procedure 15 provides that courts should freely grant leave to amend when justice requires it. Accordingly, when a court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (internal quotation marks omitted). Amendment may be denied, however, if amendment would be futile. See id.

///

///

## DISCUSSION

**A. UCL, CLRA and FAL Claims**

While the essential elements of UCL,[2] CLRA,[3] and FAL[4] claims differ in important respects, in order to assert a claim under any of these statutes, Plaintiff must plead facts showing that Defendant's pricing scheme in question is false or misleading to a reasonable consumer.  See Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008).

Defendant argues Plaintiff's complaint is inadequate and must be dismissed because it alleges "say-so and conclusory allegations instead of facts," which does not satisfy either the Rule 8 or Rule 9(b) pleading standards.  More specifically, Defendant contends: (1) Plaintiff does not allege a misleading retail price comparison; (2) Plaintiff's suggestion that price comparisons against non-discount retail channels are prohibited is wrong as a matter of law; (3) Plaintiff's allegation that the handbag she purchased was "made for outlets" and never sold through non-discount retail channels is unsupported by any factual allegation; and (4) Plaintiff's suggestion that products sold in outlet stores are "different" or "lesser quality products" is unsupported by any factual allegations.  (Doc. No. 17-1, pp. 7-12).

The court agrees.  First, Plaintiff alleges that Defendant's sales pricing scheme is

---

[2] The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.
[3] The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices". Cal. Civ. Code § 1770.  The CLRA specifically prohibits "[a]dvertising goods or services with intent not to sell them as advertised" and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Id. § 1770(a)(9), (13).
[4] The FAL provides: "No prices shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately proceeding the publication of the advertisement . . . ." Id. §17501.

false because Defendant advertises products as on-sale by comparing the "sale" price to its false "original" price. (Doc. No. 9, ¶ 2). However, Plaintiff alleges no facts to illustrate *why* the "original" price of the purchased handbag, or, for that matter, any other D&B product sold at the outlet was false or misleading. See Davidson, 76 F. Supp. 3d at 974 ("It is not enough . . . to simply claim that [an advertisement] is false—[the plaintiff] must allege facts showing ***why*** it is false.").

In response to Defendant's motion, Plaintiff submits the Declaration of Todd D. Carpenter, which states that Plaintiff's counsel has conducted "an extensive investigation of sales and discount pricing advertisements at retail stores throughout San Diego County and California" and has determined that: (1) Defendant "routinely and systematically discounts its outlet store products beyond the permissible 90-day time period"; (2) "several" of Defendant's outlet store products are discounted from false prices and remain discounted beyond the 90-day period; (3) Defendant never offers its outlet-specific merchandise for sale at the advertised "original" price at its outlet stores. (Doc. No. 23-1, ¶¶ 7-10).

Even if the court were to consider the "new facts" in Mr. Carpenter's declaration,[5] this declaration adds no facts or substance to Plaintiff's complaint but simply restates conclusory statements. Moreover, even assuming Mr. Carpenter's submission is competent and relevant, Mr. Carpenter does not in any way specify the details of his investigation. Did he visit any D&B retail or outlet stores? Did he visit the D&B website, and if so, on which dates? Which products, if any, are discounted beyond the 90-day period? Did he attempt to search for the handbag purchased by Plaintiff to

---

[5] Defendant correctly points out that in determining whether a Rule 12(b)(6) dismissal is appropriate, a court may not generally look beyond the complaint to a plaintiff's moving papers. See Quisenberry v. Compass Vision, Inc., 618 F. Supp. 2d 1223, 1227 (S.D. Cal. 2007). See also Metlzer, 540 F.3d at 1061 ("Review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.").

determine if its pricing was false and if so, on what basis? As pointed out by Defendants, Plaintiff does not even identify which specific D&B purse she purchased.[6] (See Doc. No. 9, ¶ 13). Mr. Carpenter's declaration simply reiterates the conclusions set forth in Plaintiff's complaint as his own, which cannot serve as the factual basis for Plaintiff's claims. See Jacobo v. Ross Stores, Inc., No. 15 Civ. 4701, ECF No. 45, at 5 (C.D. Cal. Feb. 23, 2016) ("It is insufficient under Rule 9(b) to simply assert on information and belief that the prevailing retail prices for the items [Plaintiffs purchased] were materially lower than the 'Compare At' prices advertised by Defendant.") (internal quotations omitted).[7]

In the absence of factual allegations illustrating why Defendant's pricing scheme is false or misleading, Plaintiff seems to suggest that its falsity is somehow conclusively established by the fact that all items sold in Defendant's outlet stores are "Defendant's own, exclusive, branded, outlet-specific merchandise, meaning the only reference for what constitutes as an "original" or "market" price are the prices at which Defendant regularly sells its outlet store products." (Doc. No. 23, p. 7). Plaintiff makes this assertion wholly based on Defendant's so-called admission on the statement printed on the back of its sales receipts, which provides, "All items sold in this store are over-runs, discounted, or irregular. As a result, the prices are reduced." (Id. ¶ 3). This, according to Plaintiff, establishes that there is no other market for the "substandard" products offered at Defendant's outlet store, and therefore, the discounts, which compare the outlet prices to non-existent retail prices of those products, are necessarily false. (Doc. No. 23,

---

[6] At oral argument, Plaintiff elaborated that the handbag purchased by Plaintiff was white, had a D&B logo and a buckle.

[7] Plaintiff's attempt to distinguish Jacobo (and a number of similar cases cited by Defendant) on the ground that it involved "compare at" pricing labels instead of "percentage discount" labels is unsuccessful. The dismissal of Jacobo, which involved the same statutory claims as alleged by Plaintiff here, turned not on the exact type of the pricing scheme, but on Plaintiff's failure to assert sufficient facts to show that the price comparisons were false or misleading. See id. at 5.

p. 8).

Plaintiff's argument is unpersuasive for several reasons.  First, Plaintiff alleges no facts or legal authority to explain why Defendant's assertion that all items sold at the outlet store are "over-runs, discounted, or irregular" conclusively establishes that these products are inherently "substandard" or inferior.  As explained by Defendant, "over-runs" or "discounted" items are by definition products originally sold through full-price retail channels.  (Doc. No. 26, p. 10).  If Plaintiff's intention is to allege that the handbag she purchased was "irregular" and therefore inferior, she has not done so.  Therefore, in the absence of supporting factual allegations, Plaintiff's broad assertion that outlet products are by definition inferior is insufficient to meet the Rule 9(b) pleading requirement.

Aside from being legally insufficient, Plaintiff's argument also seems to ignore the function of outlet stores and the consumer expectations tied to it.  See Rubenstein v. Neiman Marcus Grp. LLC, 2015 WL 1841254, at *1 (C.D. Cal. Mar. 2, 2015) ("Outlet stores are a popular avenue for sale-seeking consumers because in-demand retail stores . . . will often sell clothes that are 'after season' or clothing that had very little popularity and did not sell. To mitigate any more losses on the clothing, the retail stores will sell this clothing at various outlet malls for a discount. Shoppers have become accustomed to seeing products at outlet stores that once were sold at the traditional retail store.").  If Plaintiff's contention is that it is generally illegal to move an item from a retail store to an outlet store and mark it as reduced compared to the retail price, Plaintiff has provided no legal authority to support it.  If, on the other hand, Plaintiff's argument is more specific to Defendant's own outlet pricing scheme, the complaint contains no facts to illustrate how the pricing scheme is false or misleading aside from the blanket conclusion that all outlet merchandise is, by definition, substandard.

At oral argument, Plaintiff somewhat clarified (or amended) her position by framing the factual theory of the case as follows.  When a consumer walks into a D&B "outlet" or "factory" store, she is not necessarily aware of the fact that she is in an

"outlet" store as opposed to a "retail" store.[8]  Therefore, when a consumer sees a "40% off" price tag on a D&B product at an "outlet" store, she has reason to conclude that particular product is a "retail" product sold concurrently at its regular price at other D&B "retail" stores, or alternatively, a product that has been sold at its regular price at that same "outlet" or "factory" store within 90 days of that sale.

Of course, if this is in fact the crux of Plaintiff's case, Plaintiff would be required to plead some or all of the following threshold allegations: (1) a reasonable consumer walking into the D&B "outlet" store would have reasonably confused it with a D&B "retail" store; (2) a reasonable consumer would have had a reasonable expectation that products sold at D&B "outlet" or "factory" stores are "retail" products sold concurrently at D&B "retail" stores; (3) a reasonable consumer would have concluded, based on the "40% off" price tag, that the product was being sold at its higher, regular price at other D&B retail stores; (4) a reasonable consumer would have relied on the "40% off" price tag to purchase the D&B "outlet" product while mistaking it for a "retail" product; and (5) a reasonable consumer would not have been put on notice that overrun, overstocked, out-of-season, or irregular products were sold at the outlet store prior to purchase.  As already discussed, Plaintiff has failed to plead any of these factual allegations.

Additionally, Plaintiff must plead with particularity why and how Defendant's discount pricing was (1) false or misleading, and (2) directly and causally related to her purchase.  Until then, her claims under the UCL, CLRA, and FLA cannot advance past the pleading stage.  Accordingly, Defendant's motion to dismiss is granted with leave to amend with respect to these claims.

**B. Negligent Misrepresentation Claim**

To state a claim for negligent misrepresentation, Plaintiff must allege (1) the

---

[8] Plaintiff contended at oral argument that consumers these days may mistake an "outlet" store for a "retail" store because some "outlet" stores are located in urban areas (as opposed to rural or remote areas) and may bear a similar appearance to that of traditional retail shopping mall store.

misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation and (5) resulting damage. See Keller v. Narconon Fresh Start, 2015 WL 1874722, at *5 (S.D. Cal. April, 23, 2015).

Because, as discussed above, Plaintiff has failed to allege sufficient facts showing the falsity of the advertised "40% off" (i.e., "the misrepresentation of a past or existing material fact"), Plaintiff's negligent misrepresentation claim, as her California statutory claims, is dismissed with leave to amend.

### C. Plaintiff's Multi-State Claims

In addition to her individual and class claims under California statutory law, Plaintiff asserts claims for violations of consumer protection laws on behalf of classes in 40 additional states and the District of Columbia with similar laws. (Doc. No. 9, ¶¶ 61-75).

Defendant argues Plaintiff's multistate claims must be dismissed for lack of standing. Specifically, Defendant contends Plaintiff has not alleged she made any purchases from the D&B outlet stores outside of California. (Doc. No. 17-1, p. 14). Additionally, there are no D&B outlet stores in 30 of those jurisdictions. (Id.). Finally, Defendant argues, even if Plaintiff had standing, her multi-state claims would fail for two reasons: (1) insufficiency under Rule 9(b) and 12(b)(6), as with her California statutory claims; and (2) D&B is not subject to personal jurisdiction in California for claims arising out of conduct in other states. (Id., citing Daimler AG v. Bauman, 134 S.Ct. 746, 760-61 (2014)).

Plaintiff responds that Defendant's motion to dismiss Plaintiff's multi-state claims is premature and an improper attempt to argue the substantive merits of class certification at the pleading stage. See Shaw v. Experian Info. Sols., Inc., 49 F. Supp. 3d 702, 709 (S.D. Cal. 2014) ("[A] Rule 12 motion is rarely the proper vehicle for testing the propriety of class allegations[.]".

Plaintiff conflates the standing issue with that of class certification. To establish

Article III standing, Plaintiff must show: (1) injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992). Regardless of whether class certification is feasible, Plaintiff bears the burden of establishing her own standing to bring every claim she seeks to allege. See <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 185 (2000) ("[A] plaintiff must demonstrate standing separately for each form of relief sought").

Because Plaintiff has alleged no facts to show she has standing to bring the 41 non-California claims, her multi-state claims are dismissed with leave to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff's first amended complaint is dismissed in its entirety, with leave to amend. Plaintiff shall have 14 days from the date of the entry of this order to file a second amended complaint.

IT IS SO ORDERED.

DATED: July 22, 2016

JEFFREY T. MILLER
United States District Judge